[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE
The court will not grant the motion to reargue the CT Page 11398 plaintiffs' motion for summary judgment.
However, the letter attached to the motion from Attorney Cramer does cause the court some concern. The contents of that letter seem to indicate that the defendant's cross motion for summary judgment was not properly before the court for decision since the Zanonis did not have an opportunity to file a responsive brief and the presiding judge had not given permission for the cross motion to be argued. At the time the court wrote its decision it did not remember the facts represented by the Zanonis regarding the status of the defendant's cross motion for summary judgment.
Unless the attorney for the defendant can bring information to the court's attention that these assumptions aren't correct the court intends to vacate its judgment in favor of the defendant on her cross motion for summary judgment. The court intends to vacate that ruling on the cross motion unless attorney for the defendant indicates to the court that the contents of his May 24, 1995 do not represent what in fact was the situation regarding the hearing on the cross motion.
If the court does not receive a request from the attorney for the defendant that this matter be set down for argument the court will assume he agrees with the Zanoni's representations as reflected in the contents of the May 24, 1995 letter sent to the presiding judge.
If the court does not hear from the attorney for the defendant by Thursday, October 12, 1995 it will vacate the ruling on the defendant's cross motion for summary judgment. At that point the matter should be heard by another judge if the defendant reclaims his cross motion for summary judgment.
Thomas Corradino, Judge